| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

MICHAEL ENGLAND, §
§
    Plaintiff, §
§
versus § CIVIL ACTION NO. 9:21-CV-274
§
JAMES E. BUSH, *et al.*, §
§
    Defendants. §

### MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Michael England, an inmate confined at the Clements Unit, proceeding *pro se*, brought this lawsuit pursuant to 42 U.S.C. § 1983 against prison officials.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing this action based on plaintiff's failure to serve the defendants pursuant to FED. R. CIV. P. 4(m).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed a motion for extension of time in which he requested another opportunity to prosecute this action. Interpreted liberally, plaintiff's motion is construed as objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes plaintiff's objections are without merit.

Plaintiff paid the filing fee in the above-styled action. Accordingly, on December 29, 2021, the magistrate judge ordered the Clerk to deliver summonses to plaintiff so he could serve the defendants in accordance with FED. R. CIV. P. 4.

On April 26, 2022, based on plaintiff's failure to serve the defendants, the magistrate judge entered a Report recommending dismissal of the above-styled action. Plaintiff filed no objections

to the Report, but did file three motions to appoint counsel. Plaintiff's motions were denied. Additionally, on May 11, 2022, plaintiff filed purported proof of service forms for each of the defendants. The purported service was deficient, however, because plaintiff did not comply with either federal or state rules for service. Specifically, plaintiff did not designate the particular manner of service employed and plaintiff was listed as the server for each of the returns.

On August 4, 2022, the magistrate judge entered another Report recommending dismissal based on plaintiff's failure to serve the defendants in accordance with the rules. Plaintiff filed no objections to the Report. On October 26, 2022, however, plaintiff filed a motion for extension of time to serve the defendants in which he requested another opportunity to prosecute his lawsuit.

On October 31, 2022, the court granted plaintiff an extension of fifteen days in which to serve the defendants. On November 21, 2022, plaintiff filed notice of change of address in which he requested another extension of time. Based on plaintiff's motion, on December 7, 2022, plaintiff was granted an additional twenty days in which to serve the defendants.

Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be effected within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Following his last extension of time in which to serve the defendants, filed on December 7, 2022, plaintiff filed a notice to the court in which it appears he had requested each of the defendants to waive service of process. As of this date, however, there is no indication any of the defendants have in fact waived service or that plaintiff has achieved service by any means permitted by the rules.

Plaintiff has had more than two years in which to serve the defendants in this action. Despite multiple extensions of time in which to accomplish service and warnings that his failure to serve the defendants may result in the dismissal of this action, plaintiff has failed to effect service in accordance with the applicable rules. A review of the docket reveals plaintiff has not contacted the

court in more than one year.  Plaintiff has failed to diligently prosecute this action and has failed to show good cause for not serving the defendants.

Dismissal of the action is mandatory absent a showing of good cause.  *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990).  Plaintiff has failed to show good cause for failing to effect service despite having more than two years in which to do so.  As a result, plaintiff's claims must be dismissed without prejudice pursuant to Rule 4.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 11th day of January, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE